UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CESPEDES,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON HOTEL 1 URBAN RENEWAL, LLC d/b/a ELEMENT HARRISON NEWARK and JAMES EARLEY,<br><br>Defendants. | Case No. 23-cv-03029<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Jose Cespedes brings this action for employment discrimination and retaliation against Harrison Hotel 1 Urban Renewal, LLC ("Harrison Hotel") and its general manager James Earley[1] (collectively, "Defendants"). Plaintiff alleges that during his time working as a maintenance engineer for Harrison Hotel, Defendant Earley and another lower-level supervisor, Kevin Puentes, sexually harassed Plaintiff, creating a hostile work environment. Plaintiff brings claims for discrimination and retaliation against Defendant Earley under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 2000e-3, and claims for discrimination, retaliation, and aiding and abetting under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-12(a), (d), (e). Before the Court is Defendants' Motion for Summary Judgment (the "Motion"), ECF No. 25. For the reasons stated herein, the Motion is **GRANTED**.

**I.    FACTS[2]**

---

[1] Defendant Earley is incorrectly identified as "James Erling" in Plaintiff's Complaint. *See* ECF No. 25-1.

[2] These facts are derived from Defendant's Statement of Undisputed Material Facts, ECF No. 25-5, subject to Plaintiff's properly raised objections thereto, in addition to other materials in the record that are properly before the Court. The facts are undisputed unless otherwise indicated. The Court "view[s] the record and draw[s] inferences in a light most favorable to the non-moving party." *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011) (quoting *In re IKON Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002)).

1

Plaintiff began working for Harrison Hotel as a maintenance engineer on November 11, 2021. DSUMF ¶ 1. DSUMF ¶ 2. Plaintiff's direct supervisor was Kevin Puentes. ECF No. 25-6 at 22:6-9 ("Cespedes Tr.").

*Basis for Harassment Allegations*

According to Plaintiff's testimony, shortly after beginning his work for Harrison Hotel, Earley approached him from behind while Plaintiff was in the kitchen, put his hands on Plaintiff's shoulders, and squeezed them. Cespedes Tr. at 19:23-21:10. Plaintiff recalls Earley saying "Oh, you're doing a great job." *Id*. Plaintiff responded something to the effect of "Please don't touch me." *Id*. Plaintiff then retrieved his belongings and left before observing any reaction from Earley. *Id*.

Plaintiff testified that this type of interaction occurred two more times: the second time, Earley again put his hand on Plaintiff's shoulder and squeezed it. Cespedes Tr. at 24:3-25:1. Plaintiff recalls that Earley remarked that Plaintiff's pants fit nicely. *Id*. at 57:2-58:25. Plaintiff again responded to the effect of "I told you don't touch me," but this time said it louder, causing others to look over at them. *Id*. at 24:3-25:1. Plaintiff recalled Earley blushing and storming off, mumbling something under his breath that may have been "We'll see." *Id*. The third occurrence was shortly after the second. Plaintiff was waiting for an elevator when Earley approached, put his hand on Plaintiff's shoulder a third time, and said something like "How you doing? How's it going?" *Id*. 25:13-26:5. Plaintiff again repeated "I asked you not to touch me, man." *Id*. Plaintiff also recalled Earley winking at him one time. *Id*. at 26:14-27:19. These events make up the totality of the alleged sexual harassment by Earley that Plaintiff could recall at his deposition. *Id*. Earley denies that any of these events took place. ECF No. 31-4 at 21:15-8 ("Earley Tr.").

Plaintiff also alleges that his direct supervisor, Kevin Puentes, sexually harassed him.[3] Cespedes Tr. at 29:11-13. On multiple occasions, Puentes sent sexually explicit

---

"When a nonmovant's affidavit contradicts earlier deposition testimony without a satisfactory or plausible explanation, a district court may disregard it at summary judgment in deciding if a genuine, material factual dispute exists." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017). During his deposition, Plaintiff stated no less than five times that he could not recall the dates and times on which the events giving rise to his Complaint occurred. Cespedes Tr. at 20:8-12, 21:14-17, 24:24-25, 26:6-8, 34:19-21. Without explanation, his November affidavit reflects newfound clarity, placing these events in a fairly concrete timeline. See ECF No. 31-3 Ex. C ¶¶ 8 ("In or about December 2021"), 10 ("About a week later,"), 27 ("Two days after the 90-day review"). To the extent that Plaintiff's November 18, 2024 affidavit seeks to establish a timeline of events related to his alleged harassment, the Court regards the affidavit as a "sham affidavit" and disregards it to the extent inconsistent with his prior deposition testimony.

[3] Plaintiff has not brought a claim against Mr. Puentes personally, but bases his claim against Harrison Hotel in part on Mr. Puentes's conduct.

photographs and messages to Plaintiff via text message. *See* ECF No. 31-8; Cespedes Tr. at 29:6-35:5. The messages included, on two occasions (one on January 15 of 2022 and the second at an unknown date), a photograph of a nude man wearing a costume mask with his genitals exposed. *Id.* Another message displayed a photograph of a woman in a bathing suit accompanied by the message, "My tongue was all over that whole body." *Id.* In another text message Puentes wrote "I'm having my clitoris attached today." *Id.* Plaintiff testified that he complained about this behavior to Puentes and verbally told Puentes to stop sending him explicit pictures. Cespedes Tr. at 29:6-35:5. Plaintiff testified that Puentes also engaged in sexual banter at work, including asking whether Plaintiff had ever had sex with another man; Plaintiff testified that he asked Cespedes to stop and tried to redirect those conversations. Cespedes Tr. at 35:3-14; ECF No. 31-1 Ex. A ¶ 40.

*Performance Reviews & Disciplinary Records*

Harrison Hotel employees receive performance reviews following the completion of a 90-day probationary period. *See* DSUMF ¶ 3. On February 14, 2022, Plaintiff's 90-day review, he received a Disciplinary Action Form indicating that his attendance record and attitude were both strong, but his work performance needed improvement. *Id.* On April 12, 2022, Plaintiff received a Disciplinary Action Form (a second written warning) for staying at the hotel after his shift ended and knocking on room doors without alerting the night supervisor or desk staff. DSUMF ¶ 5. On July 6, 2022, Plaintiff received a third Disciplinary Action Form (his final written warning) for poor preventative maintenance on a room, for being out of uniform, and for being aggressive when confronted by Defendant Earley. DSUMF ¶ 6. On July 18, 2022, Plaintiff received a fourth and final Disciplinary Action Form for improper work performance and his employment with Harrison Hotel was terminated. DSUMF ¶ 7. At least two of these forms were signed by Kevin Puentes. *See* ECF No. 25-7 at D-5, D-8. Plaintiff believes that the discipline he received in these instances were unjustified and denies the performance issues reflected in the disciplinary forms. *See* Plaintiff's Response to DSUMF, ¶¶ 3-7. When Defendant Earley informed Plaintiff that he was being terminated, Plaintiff responded angrily with a string of homophobic slurs and pushed Earley, resulting in a police response. *See* ECF No. 25-4; Cespedes Tr. at 70:14-23. Plaintiff ultimately pled guilty to a municipal ordinance violation and paid a fine. Cespedes Tr. at 71:12-14.

## II.   LEGAL STANDARD

Summary judgment is appropriate in cases where the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A fact is 'material' ... if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law," *Santini v. Puentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual

3

dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464 (3d Cir. 2011) (quoting *Matsushita Elect. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Plaintiff's five-count complaint includes state and federal claims for hostile work environment sex discrimination, state and federal claims for retaliation, and a state claim for aiding and abetting. *See* ECF No. 1 ¶¶ 73-91. Defendants moved for summary judgment with respect to Plaintiff's discrimination and retaliation claims. *See* ECF No. 25. The Court will address the discrimination and retaliation claims in turn, analyzing the materially identical state and federal claims simultaneously. *See Cortes v. Univ. of Med. And Dentistry of New Jersey*, 391 F. Supp. 2d 298, 311 (D.N.J. 2005) ("The analysis which is applied in Title VII claims is equally applicable to actions brought under other civil rights statutes…and thus the Title VII analysis applies to claims brought under the NJLAD as well."); *Cardenas v. Massey*, 269 F.3d 251 (3d Cir. 2001) (describing one set of elements for a *prima facie* retaliation case under Title VII, § 1981, and the NJLAD).

#### A. Hostile Work Environment Sex Discrimination

Plaintiff's first claim alleges that Defendant Harrison Hotel "engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his gender/sex and by subjecting Plaintiff to sexual harassment and a hostile work environment based on sex." ECF No. 1 ¶ 75.

To prevail on a hostile work environment claim, a plaintiff must show: (1) he suffered discrimination based on a protected characteristic; (2) such discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) there is a basis for employer liability. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Oncale v. Sundower Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Defendants argue that the behavior alleged by the Plaintiff, if true, would not be sufficient to sustain a claim of Title VII discrimination.

4

Specifically, Defendants' Motion challenges the sufficiency of Plaintiff's claims with respect to the first, second, and fourth prongs of the hostile work environment test.

### i. Earley's Conduct

Defendant Earley's conduct, as alleged, does not constitute harassment sufficient to create a hostile work environment and, as such, Plaintiff's allegations regarding Defendant Earley fail to satisfy the first element of Title VII. Plaintiff alleges that Defendant Earley touched his shoulders three times in a way that made him uncomfortable, winked at him once, and commented that his pants fit nicely. Characterizing these interactions as sexual harassment is a stretch, particularly absent any evidence other than Plaintiff's own testimony to indicate that these events occurred, much less that they were a form of harassment. *Cf. Small v. KS Engineers PC*, No. CIVA 08-3458 (GEB), 2010 WL 1705002, at *3 (D.N.J. Apr. 26, 2010) (conduct such as touch or leaning against plaintiff's hands and shoulders "[w]hile perhaps unpleasant…does not give rise to a Title VII claim."). Moreover, "not all workplace conduct that may be described as 'harassment'" can give rise to a Title VII violation. *Meritor Sav. Bank, FSB v. Cinson*, 477 U.S. 57, 67 (1986); *Nyatome v. County of Hudson*, No. 09-CV-1811 DMC MF, 2011 WL 4549159, at *3 (D.N.J. Sept. 29, 2011). Plaintiff has failed to put forth any evidence other than his own conclusory testimony to support the notion that Defendant Earley's conduct was motivated by the Plaintiff's gender, and to read a sexual connotation into the acts described by Earley would stretch Title VII farther than it can sustain.

Defendants' Motion is **GRANTED** as to the discrimination claim against Defendant Earley.

### ii. Puentes's Conduct

Puentes's interactions with the Plaintiff are a different story. Puentes sent explicit photographs and text messages to the Plaintiff—who was Puentes's subordinate—and allegedly engaged in sexual banter with the Plaintiff, including while they were at work. Cespedes Tr. at 35:3-14; ECF No. 25-7. Plaintiff alleged that in the course of this banter Puentes asked him if he had ever had sex with another man. Cespedes Tr. at 35:3-14. Plaintiff testified that on multiple occasions he complained about this behavior to Puentes, asking him to stop and attempting to redirect the conversation to nonsexual subject matter. Cespedes Tr. at 29:11-36:13. A reasonable jury could determine that a male supervisor repeatedly sending sexual content to a male subordinate by text, engaging in sexual banter with the male subordinate, and asking whether that subordinate has had sex with another man creates a hostile work environment based on the subordinate's sex.

Similarly, the Court will not conclude as a matter of law that Plaintiff's allegations fail to satisfy the "severe or pervasive" threshold for Title VII liability. Courts in the Third Circuit "use a totality of the circumstances test to determine whether the threshold level of

5

severity and pervasiveness has been reached, and consider such factors as the severity of the harassment, the frequency of the harassment, and the degree of abuse." *Clegg v. Falcon Plastics, Inc.*, 174 F. Appx. 18, 25 (3d Cir. 2006). "Both sporadic and isolated conduct, which is severe enough can give rise to a hostile work environment, as can less offensive conduct which is sufficiently prevalent." *Tourtellotte v. Eli Lilly & Co.*, 636 F. Appx. 831, 845 n.27 (3d Cir. 2016) (citing *Jensen v. Potter*, 435 F.3d 444, 449 & n.3 (3d Cir. 2006)). Here, viewing the facts in the light most favorable to the Plaintiff, a jury could conclude that Puentes's continuous sexual banter and explicit text messages were sufficiently pervasive to create a hostile work environment.

Finally, Defendants argue that the harm Plaintiff attributes to the allegedly hostile work environment is idiosyncratic: *i.e.*, that Plaintiff cannot show "the discrimination would detrimentally affect a reasonable person in like circumstances." *Mandel*, 706 F.3d at 167. While it does appear from the record that Plaintiff may have been uniquely sensitive to what he perceives as sexual advances from other men, *see* ECF No. 25-4; Cespedes Tr. at 70:14-23, the fact of his uniquely severe subjective reaction does not require the conclusion that a jury could not still have found the work environment to be objectively harmful. On this record, that determination is best made by a jury.

Defendants' motion for summary judgment is **DENIED** with respect to Plaintiff's sex discrimination claims against Harrison Hotel.

### B.     Retaliation

"To survive summary judgment on a retaliation claim, a plaintiff must first make out a *prima facie* case. This means that he must tender evidence that (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." *Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021) (cleaned up). Defendants argue that Plaintiff has failed to make a showing on the first and third prongs of this test.

#### i.     *Protected Activity*

First, Defendants argue that Plaintiff's complaints definitionally could not be protected activity under Title VII because, while informal complaints to management can be protected activities, *Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc.*, 450 F.3d 130, 135 (3d Cir. 2006), they must be premised on an employee's objectively reasonable belief that the activity he opposed violates the discrimination laws, *Moore v. City of Philadelphia*, 461 F. 331, 341 (3d Cir. 2006). *See* Mot. 22-23. In other words, Defendants argue, "[b]ecause Plaintiff did not have an objectively reasonable belief that he was harassed because of sex, he did not have an objectively reasonable belief that he was complaining about a violation of law." Mot. 22. Here, because the Court has already

6

determined that there is a genuine factual dispute as to whether Plaintiff was harassed by Puentes because of his sex, it also concludes that Plaintiff's protestations to Puentes could have been based on an objectively reasonable belief that he was being harassed.

> *ii. Causal Connection Between Protected Activity and Adverse Employment Action*

To determine whether a plaintiff has "made a sufficient showing of the causal connection required by the third prong of the prima facie case of retaliation," the Court focuses on "timing and evidence of ongoing antagonism." *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 288 (3d Cir. 2001). "[T]he Third Circuit has also held that a plaintiff 'cannot establish that there was a causal connection without some evidence that the individuals responsible for the adverse action knew of the plaintiff's protected conduct at the time they acted.'" *Capozzoli v. Cumulus Media Holdings, Inc.*, No. CV 20-4992 (RMB/AMD), 2022 WL 909659, at *10 (D.N.J. Mar. 29, 2022) (quoting *Daniels v. Sch. Dist. Of Phila.*, 776 F.3d 181, 196 (3d Cir. 2015).

Here, considering the evidence in the light most favorable to the Plaintiff, a jury could find that Plaintiff was subjected to ongoing antagonism by Puentes, his direct supervisor, while simultaneously receiving disciplinary action reports signed by Puentes. *See* ECF No. 25-7 Exs. D-5, D-8 (clearly reflecting Puentes's signature as supervisor). The dates and times of most of Puentes's conduct are unclear from the record, but Plaintiff's description of ongoing sexual banter as corroborated by the series of sexually explicit text messages and photographs sent to Plaintiff could be sufficient to support a jury finding of ongoing antagonism, particularly in light of the fact that the record confirms that Puentes sent a sexually explicit message to Plaintiff on January 15, 2022, ECF No. 25-7 at D-4, and Puentes signed a disciplinary action form regarding Plaintiff's performance less than one month later on February 14, 2022, ECF No. 25-7 at D-5.

Defendants' motion for summary judgment is **DENIED** with respect to Plaintiff's retaliation claims against Harrison Hotel.

The Court has already determined that the record does not support a finding that Defendant Earley sexually harassed the Plaintiff, and as such any complaints to Earley about his conduct are not protected activity. Moreover, the record does not suggest that Defendant Earley was aware of Plaintiff's complaints to (and about) Puentes's behavior. Accordingly, the summary judgment motion is **GRANTED** with respect to the retaliation claims against Defendant Earley.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** with respect to the claims against Defendant Earley, and **DENIED** with respect to the claims against Defendant Harrison Hotel.

An appropriate order follows.


December 18, 2024                                       /s/ William J. Martini
                                                        **WILLIAM J. MARTINI, U.S.D.J.**